THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT J. GORSAGE, Defendant-Appellant.

Third District   No. 81-467

Opinion filed May 26, 1982.

HEIPLE, J., specially concurring.

Robert Agostinelli and Charles W. Hoffman, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant was charged by information with the following offenses: robbery; deviate sexual assault; burglary (two counts); home invasion; and criminal damage to property. The State "nolle prossed" the criminal damage charge during trial, and the jury acquitted the defendant of all remaining charges except home invasion. Defendant appeals his conviction of home invasion.

On appeal the defendant advances a single issue in which he complains of remarks of the prosecutor in his closing rebuttal argument, including the following:

"I believe that this Defendant had every reason to believe that he could go in there and do whatever he wanted to Larry Longcor and that there would be no fuss about it.

And Longcor is as you saw him. He is a pathetic individual. He is a sad individual. He is not too bright. He is not too brave. He is not too virile. He is not too courageous. In fact, nature hasn't been very kind to Larry Longcor at all.

It's left him basically friendless, vulnerable, and alone. It's treated him worse than it has a young child who has someone to look out for it or an old person in a nursing home."

The remainder of the prosecutor's argument could best be described as repetitious overkill to appeal to the jurors' sympathies.

■■■ Defense counsel failed to register a timely objection during trial, and as a general rule, with respect to allegedly improper comments made during closing argument, such failure constitutes waiver. Nonetheless, as observed in *People v. Smith* (1977), 52 Ill. App. 3d 583, 588-89, 367 N.E.2d 756, 760, care must be exercised in the application of the waiver rule in these cases, and the allegedly improper comments should be examined in light of the whole record. With these principles in mind, our analysis of the issue presented in the instant case is as follows.

Initially, it should be noted that defense counsel's written motion for a new trial included the issue of improper prosecutorial remarks during the prosecutor's closing argument. Counsel on appeal suggests that the

post-trial motion thereby preserved the issue for our consideration and trial counsel's failure to object during the trial might be explained as a matter of tactics because of the likelihood that an objection, especially one advanced during the State's *rebuttal* argument, could serve merely to more fully focus the jury's attention on the improper remarks. While the defendant's explanation is not without some merit, a close examination of the issue as presented to the trial court in connection with the defendant's motion for a new trial demonstrates the frailty of the defendant's substantive argument on appeal. In fact, the defendant's issue as raised in his post-trial motion and argued to the trial court was framed in general, boilerplate language which did not apprise the trial court of any specific prejudicial remarks.

The defendant's specific objections to the prosecutor's rebuttal argument, advanced for the first time on appeal, are waived "unless [the allegedly improper comments] are plainly a material factor in [the defendant's] conviction and substantially prejudiced [his] right to a fair trial. [Citations.]" *People v. Smith* (1977), 52 Ill. App. 3d 583, 588, 367 N.E.2d 756, 760.

We have reviewed the entire record in this case and find that the evidence of home invasion was overwhelming. In addition to the victim's testimony concerning the defendant's forcible entry into his apartment, physical evidence was introduced clearly demonstrating that the glass in the victim's front door had been broken from the outside, scattering broken glass on the victim's living room floor.

Based upon the totality of the evidence presented at trial, we do not find, with respect to the offense of home invasion, that the evidence was closely balanced. While we believe that the prosecutor's rebuttal argument unnecessarily dwelt upon an appeal to the jurors' sympathies for the victim, we cannot conclude that such argument, in this case, was either a material factor in the defendant's conviction of home invasion or that it substantially prejudiced his right to a fair trial. Accordingly, we conclude that the error complained of in this case was waived and the judgment of the trial court is hereby affirmed.

Affirmed.

STOUDER, J., concurs.


JUSTICE HEIPLE, specially concurring:

Following a jury trial, defendant was convicted of the offense of home invasion. He was sentenced to six years' imprisonment in the Department of Corrections.

On appeal, defendant raises the single issue that certain remarks of the prosecutor in his rebuttal closing argument were improper.

In short, the defendant waived any alleged error in the prosecutor's rebuttal comments by failing to object to them during the course of the trial. Moreover, an examination of the record demonstrates that the comments were based on reasonable inferences from the evidence and were, in fact, responsive to defense counsel's closing argument. Thus, they were invited.

Accordingly, the conviction should be affirmed.